RECEIVED
IN LAKE CHARLES, LA
MAY 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20023-001/002 |
| VS. | : | JUDGE MINALDI |
| MARTHA CEASAR (01)<br>PRESTON CEASAR (02) | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court are motions to sever count 3 of the Indictment filed by Martha Ceasar [doc. 35] and by Preston Ceasar [doc. 31]. The Indictment[1] is based upon allegations that Martha Ceasar and her husband, Preston Ceasar, attempted to smuggle two guns to their son, Colins Ceasar, while he was incarcerated at the Calcasieu Correctional Center. Martha and Preston Ceasar allegedly attempted to retain Lake Charles attorney, Hardy Parkerson, to assist their son. They allegedly went to Mr. Parkerson's office on February 21, 2006, and delivered a briefcase that concealed two loaded handguns. Mr. Parkerson was allegedly asked to deliver the briefcase to Colins Ceasar. Mr. Parkerson was told that the briefcase contained legal documents from Colins Ceasar's previous attorney.

Count 3 of the indictment charges Martha Ceasar with being a felon in possession of a firearm. Ms. Ceasar was convicted on December 6, 1996, in the 27th Judicial District Court of a

---

[1] Count 1 charges both defendants with conspiracy to provide contraband in prison; Count 2 charges both defendants with attempt to provide contraband in prison; Count 3 charges Martha Ceasar with being a convicted felon is possession of a firearm; Count 4 charges both defendants with attempt to provide firearms to a prohibited person; Count 5 charges both defendants with possession of firearms with obliterated serial numbers; and Count 6 charges both defendants with forfeiture.

crime punishable by imprisonment for a term exceeding one year. The Ceasars argue that the joinder of this count is prejudicial. If Martha Ceasar elects not to testify, the introduction of her prior felony normally would not be allowed, but with Count 3 present, the government can rely on its burden of proof to introduce evidence of the prior conviction.

The preliminary inquiry in deciding whether to grant a motion to sever is whether the initial joinder is proper under Fed.R. Crim P. 8(a). Under F.R.Crim. P. 8(a), offenses may be charged in the same indictment when they "(1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected together or constitute parts of a common scheme or plan." *Id.* Joinder of charges is the rule rather than the exception, and Rule 8 is broadly construed in favor of joinder. *U.S. v. Singh*, 261 F.3d 530, 533 (C.A.5 (Tex.), 2001).

The government asserts that the actions of Mr. and Mrs. Ceasar demonstrate a joint undertaking and a common scheme or plan. The government argues that the various charges were properly joined and should be tried together. The possession of the gun charged in Count 3 is part of the offenses charged in Counts 1, 2, 4, 5 and 6. As such, Count 3 is not improperly joined. The questions remains, however, of whether Count 3 should be severed.

Rule 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses, the court may order a separate trial of the counts.[2] This court must also consider the "efficacy of the limiting measures taken by the trial court [and] the strength of the evidence of the defendant's guilt"[3]

---

[2] *See* Fed.R.Crim.P. 14(a); *United States v. Singh*, 261 F.3d 530 (5th Cir. 8/10/2001).

[3] *United States v. McCarter*, 316 F.3d 536, 538-39 (5th Cir.2002); *U.S. v. Davis*, 124 Fed.Appx. 838, *845, 2005 WL 548935, **5 (C.A.5 (La. (C.A.5 (La.), 2005).

2

to determine if the Ceasars will be prejudiced.

The essence of Rule 14 is prejudice and the problem is particularly troublesome where a defendant is charged with being a felon in possession of a firearm in an indictment in which she is also charged with other crimes.[4]

In *United States v. Davis*[5], the Fifth Circuit affirmed the trial court's refusal to sever a possession charge and a felon in possession charge. In *Davis* the defendants conspired to use firearms in their drug dealing, so the court found the initial joinder proper. The court then considered the strength of the government's case and found that the strength of the government's case was substantial and there was no risk of prejudice. In the instant case, Martha Ceasar argues that "[i]n this case here is not much evidence, and the introduction of a felony record for Martha could tip the balance and make the jury convict her because of her rap sheet instead of based on the evidence in this case."[6] Preston Ceasar argues that he has no prior convictions. Preston Ceasar argues that he will be unduly prejudiced by the fact that his wife has a felony conviction and by the nature of that conviction[7].

This court must also consider whether the inclusion of Count 3 would permit any inference from the possible cumulation of evidence, that appellant was a "bad guy," or whether this possible

---

[4] *United States v. Desantis*, 802 F.Supp. 794 (E.D.N.Y. 9/3/1992).

[5] *(Unpublished)* No. 03-30918 (5th Cir. 3/7/2005), 124 Fed. Appx. 838, *cert. denied* 2005 U.S. LEXIS 6980 (U.S. Oct. 3, 2005).

[6] Martha Ceasar's Memorandum in Support of Motion to Sever, p. 2.

[7] Martha Ceasar was convicted of Solicitation of Murder.

inference could be totally negated by a thorough and oft repeated cautionary instruction that the jury should consider the evidence going to each count separately.[8] With Martha Ceasar's prior conviction being for solicitation of murder, there is a strong possibility that the jury would see her as a "bad guy" and that no limiting jury instruction would be sufficient to overcome this prejudice. Preston Ceasar suggests bifurcation as an alternative.

In *United States v. Nguyen*[9], the Ninth Circuit Court of Appeal concluded that the district court had not abused its discretion in allowing a felon in possession count to be tried with other charges in light of the overwhelming evidence of the defendant's guilt and the limiting instructions given to the jury. *Id.* at 816. The court noted that "we have consistently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice." *Id.* at 816-17. The court then went on to observe that "severance or bifurcation is the preferred alternative" to protect a defendant from the prejudice that can result from trying a felon in possession charge with other unrelated felony charges. *Id.* at 818.

In *Nguyen*, the court of appeal found that the district court had properly safeguarded the defendant's right to an impartial jury by bifurcating the counts (with the felon in possession charge being tried after the cocaine possession charge), excluding evidence of the firearm from the drug possession trial, excluding evidence of the cocaine from the firearm trial, and giving appropriate limiting instructions. The Ninth Circuit concluded that the district court did not abuse its discretion

---

[8] U.S. v. Morris 647 F.2d 568, *570 (C.A.Ga., 1981)

[9] 88 F.3d 812 (9th Cir.1996)

in denying the defendant's motion to sever, and instead in bifurcating the proceedings.

In a bifurcated trial of a felon-in-possession the jury would at least be informed that the charge involved something more than possession, and would, if possession was found, then consider the second element of a prior felony conviction.[10]

The government submits that if this court finds the inclusion of Count 3 overly prejudicial, especially to Preston Ceasar, and that its "bad person" impact cannot be cured with a limiting instruction, then Count 3 should be severed and tried first, suggesting that the resolution of Count 3 "may very well generate the disposition of other counts of the indictment."[11]

This court finds that the inclusion of Count 3 would be prejudicial, especially to Preston Ceasar, and that it is doubtful that a limiting instruction will be sufficient to cure the prejudice. Accordingly, the court finds that while a severance of properly joined counts is not warranted, bifurcation is appropriate. All counts with exception of Count 3 will be tried first. If the jury finds possession of the firearm, then they will be permitted to consider the prior felony conviction.

Lake Charles, Louisiana, this 10 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] U.S. v. Chevere 368 F.3d 120, 122 (C.A.2 (N.Y.),2004)

[11] Goverment's Memorandum in Opposition, p. 4.